# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
RAZENE LEWIS,                          *
                                       *   No. 14-1035
              Petitioner,    *   Special Master Christian J. Moran
                                       *
v.                                     *
                                       *
SECRETARY OF HEALTH                    *   Filed: October 13, 2015
AND HUMAN SERVICES,                    *
                                       *   Entitlement, onset of shoulder pain,
              Respondent.    *   Table injury, brachial neuritis
* * * * * * * * * * * * * * * * * * * * * * * * *

<u>Richard Gage</u>, Richard Gage, P.C., Cheyenne Wyoming, for petitioner;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for respondent.

## **Ruling Finding Facts and Granting Entitlement**[1]

The parties dispute when Razene Lewis, the petitioner, first experienced problems with her shoulder. The resolution of this issue is in Ms. Lewis's favor and, is therefore a basis for finding that she is entitled to compensation.

## Procedural History

Represented by her first attorney, Ms. Lewis filed her petition on October 24, 2014. Ms. Lewis filed some medical records and two affidavits with her petition. She filed additional medical records later.

After a change in counsel, Ms. Lewis filed an amended petition on July 17, 2015. She alleged that she received a tetanus vaccine on October 24, 2012, and

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

later developed brachial neuritis.  Am. Pet. at ¶ 9.  She sought compensation pursuant to the Vaccine Injury Table.  See 42 C.F.R. § 100.3(a) ¶ I.B. (associating tetanus vaccines with branchial neuritis that develops 2-28 days after vaccination).

On July 28, 2015, the Secretary filed her report pursuant to Vaccine Rule 4.  The Secretary argued that Ms. Lewis did not establish the elements of a table claim because the medical records showed that she experienced shoulder pain either the day she was vaccinated or the next day.  Resp't's Rep. at 6.  Otherwise, the Secretary conceded that Ms. Lewis received a tetanus vaccine, suffered brachial neuritis, and that her symptoms have lasted longer than six months.  Id.  The Secretary also represented that she did not identify any factor unrelated to the vaccine as the cause of Ms. Lewis's brachial neuritis.  Id.

On September 12, 2015, Ms. Lewis filed a second affidavit.  She also filed a memorandum arguing that the onset of her shoulder pain occurred at least two days after the tetanus vaccination.  Pet. Mem. at 3.

On September 24, 2015, a status conference was held.  Neither party requested a hearing at which witnesses could testify.  Both parties agreed that the matter is ready for adjudication.

## Standards for Adjudication

By now, the standards for adjudicating factual issues, like when symptoms first began, are well-defined.  For an extensive discussion, see Bayless v. Sec'y of Health & Human Servs., No. 08-679V, 2015 WL 638197 at *2-3 (Fed. Cl. Spec. Mstr. Jan. 15, 2015).

## Findings of Fact

The undisputed facts frame the dispute.  On October 24, 2012, Ms. Lewis was pregnant and went to a hospital to give birth.  Exhibit 2 at 24.  She was admitted at approximately 10:30 AM, and gave birth to a baby girl later that day.  Exhibit 2 at 22, 98.  Later on, at approximately 11:00 PM, still on October 24, 2012, Ms. Lewis received two vaccines: an influenza vaccine in her right deltoid and a tetanus-diphtheria-acellular pertussis vaccine in her left deltoid.  Exhibit 2 at

2

37, 63, 85-86, 109.[2]  Ms. Lewis was discharged from the hospital on October 26, 2012.  Id. at 109.

On November 1, 2012, Ms. Lewis saw her obstetrician-gynecologist, Leonard G. Blanton, for a postpartum visit.  Exhibit 3 at 99.  She complained about neck pain.  Id.  On exam, she could not raise her arm above her head.  Id.  Dr. Blanton did not record any information about when the pain started.  He referred her to a neurologist, Sanjeevi C. Tivakaran.  Exhibit 4 at 1.

Thus, the narrow issue is when did Ms. Lewis's shoulder pain begin?  In this litigation, Ms. Lewis submitted an affidavit stating she experienced burning and soreness at the injection site.  Exhibit 11 at ¶ 5.[3]  Over the next few days, however, Ms. Lewis's pain changed.  Exhibit 11 at ¶ 6.  She dates the onset of the pain associated with brachial neuritis to several days after the tetanus vaccination.

In the Secretary's view of the evidence, Ms. Lewis's pain started either the same day or the next day following the vaccination.  Resp't's Rep. at 6.  The basis for this view is that in Ms. Lewis's first visit to Dr. Tivakaran, he recorded: "Onset was on 10/25/2012."  Exhibit 4 at 1.  In addition, Dr. Tivakaran wrote: "patient states after the injection on October 25[,] she felt a burning sensation and soreness in the left deltoid area. . . .  Then she started experiencing constant discomfort in

---

[2] As discussed below, later histories mistakenly report the date of vaccination as October 25, 2012.

[3] When Ms. Lewis's first attorney represented her, she submitted an affidavit with the petition.  Ms. Lewis's October 23, 2014 affidavit talks about pain in her neck and shoulder that she reported to Dr. Blanton on November 1, 2012.  This affidavit does not say anything about onset.  Exhibit 6.
   It appears that in the Rule 4 Report, the Secretary confused Ms. Lewis's affidavit, exhibit 6, with another affidavit which came from Dr. Tivakaran, exhibit 5.  See Resp't's Rep. at 2, but see id. at 5 (correctly attributing exhibit 5 to Dr. Tivakaran).  Dr. Tivakaran averred: "After the injection on October 25, Ms. Lewis felt a burning sensation and soreness in the left deltoid area.  The pain started getting worse over the next few days.  It was a deep aching pain like muscle soreness along with some burning sensation." Exhibit 5 at ¶ 3.  He also stated that the symptoms of Ms. Lewis's brachial neuritis "began within 2-28 days following the DTAP vaccine." Id. at ¶ 5.

3

the left side of the neck and in the last 2 days some pain and discomfort in the right deltoid area." Exhibit 4 at 1.[4]

Taken as a whole, the evidence preponderates in Ms. Lewis's favor. Under the Secretary's view, she started having significant pain in her shoulder while in the hospital. Yet, the hospital records do not mention any shoulder pain.[5] Rather, the hospital records indicate that Ms. Lewis did not have any complaints. Exhibit 2 at 23 (discharge report stating no complaints on postpartum day 2), 49 (hand written notes), 127-49 (nurse's notes).

Special masters have often reasoned that the omission of a complaint in a medical record supports an inference that the problem did not exist. Here, that reasoning is especially sound because Ms. Lewis was in the presence of medical personnel. If she were experiencing significant shoulder pain, then she would have told one of the doctors or nurses periodically checking on her.

In addition, the record on which the Secretary relies, the November 6, 2012 report from Dr. Tivakaran, is inaccurate itself. It states Ms. Lewis was vaccinated on October 25, 2012. Exhibit 4 at 1. However the tetanus vaccine was actually on October 24, 2012. This error indicates that Ms. Lewis was not providing an accurate history and is a further reason for not crediting this aspect of Dr. Tivakaran's report.

For these reasons, it is determined that Ms. Lewis's significant shoulder pain started on approximately October 30, 2012. Exhibit 11 at ¶ 7.

Based on this finding for onset and other information in the record, Ms. Lewis has established the prima facie elements of a Table claim. The Secretary has not identified another cause for Ms. Lewis's brachial neuritis. Thus, Ms. Lewis is entitled to compensation. A damages order will issue shortly.

---

[4] The November 6, 2012 history appears to be repeated in other notes created by Dr. Tivakaran. There is no indication that these later histories were based upon independent interviews.

[5] The Rule 4 Report intimates that Ms. Lewis received Motrin for the shoulder pain she was experiencing. However, a doctor seems to have ordered Motrin as part of routine postpartum care. Exhibit 2 at 39-42 (orders on October 24, 2012, at 5:00 PM), 109.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master