# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
RAZENE LEWIS,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.
* * * * * * * * * * * * * * * * * * *

No. 14-1035V

Special Master Christian J. Moran

Filed: July 23, 2018

Damages; decision based on proffer; diphtheria-pertussis-tetanus vaccine; brachial neuritis.

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner;
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

      On October 24, 2014, Razene Lewis filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that the diphtheria-pertussis-tetanus vaccination she received on October 25, 2012, caused her to suffer brachial neuritis. On October 13, 2015, the undersigned determined that Ms. Lewis is entitled to compensation under the Vaccine Act.

      Following the ruling on entitlement, the parties began working towards reaching resolution of Ms. Lewis's damages award. The parties were able to reach an agreement on a joint life care plan (exhibit E). The costs associated with this agreed-upon life care plan are attached to this decision as Appendix A. In addition, on July 31, 2017, special master George Hastings entered an interim

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award of $250,000.00 in damages for Ms. Lewis's pain and suffering. Thus Ms. Lewis is not entitled to any additional compensation for her pain and suffering. 42 U.S.C. §300aa-15(a)(4).

The parties disputed Ms. Lewis's compensation for lost earnings and actual unreimbursable expenses. A hearing was held on November 17, 2017. Based on the findings from that hearing, issued on November 21, 2017, the parties agreed on an award of $1,612,179.00 for Ms. Lewis's lost earnings, however additional evidence was necessary for calculating Ms. Lewis's actual unreimbursable expenses. That evidence was entered into the record in the months following the hearing and the undersigned issued a supplemental findings of fact on June 28, 2018. Based on those findings of fact, the parties agreed to an award of $33,334.31 for Ms. Lewis's actual unreimbursable expenses.

On July 11, 2018, respondent filed a Proffer on Award of Compensation, to which petitioner agrees.[2] Based upon the record as a whole, the undersigned finds the proffer reasonable and that the petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, attached as Appendix B, the court awards petitioner:

1. **A lump sum payment of $1,861,209.52 representing compensation for life care expenses expected to be incurred during the first year after judgment ($215,696.21), lost earnings ($1,612,179.00), and past unreimbursable expenses ($33,334.31), in the form of a check payable to petitioner, Razene Lewis; and**

2. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached Proffer (attached as Appendix B), that will provide payments for the life care items contained in the life care plan, as illustrated by the chart (attached as Appendix A), paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Razene Lewis, only so long as Razene Lewis is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to**

---

[2] The petitioner has noted that she may challenge, on appeal, the factual findings that served as a basis for the loss of future earnings calculation contained in the Proffer.

**petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart in Appendix A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 14-1035V according to this decision and the attached proffer.[3]

Any questions may be directed to my law clerk, Matthew Ginther, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Case 1:14-cv-01035-UNJ Document 124-1 Filed 08/20/18 Page 4 of 12
Appendix A: Items of Compensation for Razene Lewis
Page 1 of 4

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Years 6-10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2018 | 2019 | 2020 | 2021-2022 | 2023-2027 | 2028 | 2029 | 2030-2034 |
| Insurance MOP | 5% |  |  | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Medicare Part B Premium | 5% |  | M |  |  |  |  |  |  |  |  |
| Medicare Part B Deductible | 5% | * |  |  |  |  |  |  |  |  |  |
| Medicare Supp F Premium | 5% |  | M |  |  |  |  |  |  |  |  |
| Medicare Supp F Deductible | 5% |  |  |  |  |  |  |  |  |  |  |
| Medicare Part D | 5% |  | M |  |  |  |  |  |  |  |  |
| Neurologist | 5% | * |  |  |  |  |  |  |  |  |  |
| Mileage: Neurologist | 4% |  |  | 68.40 | 68.40 | 68.40 | 68.40 | 68.40 | 68.40 | 68.40 | 68.40 |
| Lab Studies | 5% | * |  |  |  |  |  |  |  |  |  |
| EMG | 5% | * |  |  |  |  |  |  |  |  |  |
| PCP | 5% | * |  |  |  |  |  |  |  |  |  |
| Mileage: PCP | 4% |  |  | 20.52 | 20.52 | 20.52 | 20.52 | 20.52 | 20.52 | 20.52 | 20.52 |
| Pain Mngt | 5% | * |  |  |  |  |  |  |  |  |  |
| Mileage: Pain Mngt | 4% |  |  | 118.08 | 118.08 | 118.08 | 118.08 | 118.08 | 118.08 | 118.08 | 118.08 |
| Interventional Pain Mngt | 5% | * |  |  |  |  |  |  |  |  |  |
| Psychiatrist | 5% | * |  |  |  |  |  |  |  |  |  |
| Mileage: Psychiatrist | 4% |  |  | 39.60 | 39.60 | 39.60 | 39.60 | 39.60 | 39.60 | 39.60 | 39.60 |
| Plastic Surgeon: Brachial Plexus | 5% | * |  |  |  |  |  |  |  |  |  |
| Mileage: Plastic Surgeon | 4% |  |  | 102.60 |  |  |  |  |  |  |  |
| PT Eval or OT Eval | 4% | * |  |  |  |  |  |  |  |  |  |
| Mileage: PT Eval or OT Eval | 4% |  |  | 18.72 | 18.72 | 18.72 | 18.72 | 18.72 | 18.72 | 18.72 | 18.72 |
| PT or OT | 4% | * |  |  |  |  |  |  |  |  |  |
| Mileage: PT or OT | 4% |  |  | 168.48 | 168.48 | 168.48 | 168.48 | 168.48 | 168.48 | 168.48 | 168.48 |
| Massage Therapy | 4% |  | M | 4,159.48 | 2,079.74 | 1,439.82 | 1,439.82 | 1,439.82 | 1,439.82 | 1,439.82 | 1,439.82 |
| Mileage: Massage Therapy | 4% |  | M | 1,010.88 | 505.44 | 349.92 | 349.92 | 349.92 | 349.92 | 349.92 | 349.92 |
| Flexeril | 5% | * |  |  |  |  |  |  |  |  |  |
| Lyrica | 5% | * |  |  |  |  |  |  |  |  |  |
| Cymbalta | 5% | * |  |  |  |  |  |  |  |  |  |
| Ibuprofen | 4% |  |  | 20.44 | 20.44 | 20.44 | 20.44 | 20.44 | 20.44 | 20.44 | 20.44 |
| Percocet | 5% | * |  |  |  |  |  |  |  |  |  |
| Zofran | 5% | * |  |  |  |  |  |  |  |  |  |
| Flector Patch | 5% | * |  |  |  |  |  |  |  |  |  |
| Senokot | 4% |  |  | 18.25 | 18.25 | 18.25 | 18.25 | 18.25 | 18.25 | 18.25 | 18.25 |
| Essential Oils | 4% |  |  | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 |
| Adj Bed | 4% |  |  | 3,948.00 |  |  |  |  | 3,948.00 |  |  |

Case 1:14-vv-01035-UNJ Document 124-1 Filed 08/20/18 Page 2 of 4
Case 1:14-vv-01035-UNJ Document 124-1 Filed 08/20/18 Page 5 of 12
Page 2 of 4

**Appendix A: Items of Compensation for Razene Lewis**

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Years 6-10 | Compensation Year 11 | Compensation Year 12 | Compensation Years 13-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019 | 2020 | 2021-2022 | 2023-2027 | 2028 | 2029 | 2030-2034 |
| Shower Chair | 4% | | | 54.98 | 9.16 | 9.16 | 9.16 | 9.16 | 9.16 | 9.16 | 9.16 |
| Long Handled Loofah | 4% | | | 58.32 | 58.32 | 58.32 | 58.32 | 58.32 | 58.32 | 58.32 | 58.32 |
| Long Handled Hair Brush | 4% | | | 13.98 | 3.50 | 3.50 | 3.50 | 3.50 | 3.50 | 3.50 | 3.50 |
| Swivel Spnge Lotion Applicator | 4% | | | 9.79 | 2.45 | 2.45 | 2.45 | 2.45 | 2.45 | 2.45 | 2.45 |
| Repl Sponges | 4% | | | 56.34 | 56.34 | 56.34 | 56.34 | 56.34 | 56.34 | 56.34 | 56.34 |
| Reacher | 4% | | | 24.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Large Grip Utensils | 4% | | | 78.98 | 13.16 | 13.16 | 13.16 | 13.16 | 13.16 | 13.16 | 13.16 |
| Dragon Speak | 4% | | | 95.00 | 31.67 | 31.67 | 31.67 | 31.67 | 31.67 | 31.67 | 31.67 |
| Dressing Stick | 4% | | | 8.48 | 1.41 | 1.41 | 1.41 | 1.41 | 1.41 | 1.41 | 1.41 |
| Button/ Zipper Pull | 4% | | | 13.65 | 2.73 | 2.73 | 2.73 | 2.73 | 2.73 | 2.73 | 2.73 |
| Power Drive Spinning Reel | 4% | | | 514.99 | 103.00 | 103.00 | 103.00 | 103.00 | 103.00 | 103.00 | 103.00 |
| Knot Tier | 4% | | | 17.00 | 1.70 | 1.70 | 1.70 | 1.70 | 1.70 | 1.70 | 1.70 |
| Laser Hair Removal | 4% | | | 1,650.00 | | 725.00 | 362.50 | 362.50 | 362.50 | 362.50 | 362.50 |
| Counseling | 4% | * | | | | | | | | | |
| Mileage: Counseling | 4% | | M | 635.04 | 317.52 | 211.68 | | | | | |
| Case Mngt | 4% | | M | 1,920.00 | 1,920.00 | 1,920.00 | 1,920.00 | | | | |
| Home Mods | 0% | | | 76,000.00 | | | | | | | |
| Bruno Seat | 4% | | | 9,777.90 | | | | | 9,777.90 | | |
| Seat Belt Helper | 4% | | | 6.95 | 1.74 | 1.74 | 1.74 | 1.74 | 1.74 | 1.74 | 1.74 |
| A/S: Maid Service | 4% | | M | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 | 5,200.00 |
| A/S: Lawn Maint | 4% | | M | 1,837.50 | 1,837.50 | 1,837.50 | 1,837.50 | 1,837.50 | 1,837.50 | 1,837.50 | 1,837.50 |
| A/S: Heavy Yard Clean Up | 4% | | | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Life Alert | 4% | | | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 |
| Non Skilled Care | 4% | | M | 99,280.00 | 99,280.00 | 86,870.00 | 86,870.00 | 86,870.00 | 86,870.00 | 86,870.00 | 55,845.00 |
| Lost Earnings | | | | 1,612,179.00 | | | | | | | |
| Actual Unreimbursable Expenses | | | | 33,334.31 | | | | | | | |
| Annual Totals | | | | 1,861,209.52 | 120,651.73 | 108,065.45 | 107,491.27 | 105,571.27 | 119,297.17 | 105,571.27 | 74,546.27 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($215,696.21), lost earnings ($1,612,179.00), and actual unreimbursable expenses ($33,334.31): $1,861,209.52.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

| ITEMS OF COMPENSATION | G.R | * | M | Compensation Years 18-20 2035-2037 | Compensation Year 21 2038 | Compensation Years 22-28 2039-2045 | Compensation Years 29-36 2046-2053 | Compensation Years 37-Life 2054-Life |
|---|---|---|---|---|---|---|---|---|
| Insurance MOP | 5% | | | 6,000.00 | 6,000.00 | 6,000.00 | | |
| Medicare Part B Premium | 5% | | M | | | | 1,608.00 | 1,608.00 |
| Medicare Part B Deductible | 5% | * | | | | | | |
| Medicare Supp F Premium | 5% | | M | | | | 1,946.76 | 1,946.76 |
| Medicare Supp F Deductible | 5% | | | | | | 2,240.00 | 2,240.00 |
| Medicare Part D | 5% | | M | | | | 4,729.53 | 4,729.53 |
| Neurologist | 5% | * | | | | | | |
| Mileage: Neurologist | 4% | | | 68.40 | 68.40 | 68.40 | 68.40 | 68.40 |
| Lab Studies | 5% | * | | | | | | |
| EMG | 5% | * | | | | | | |
| PCP | 5% | * | | | | | | |
| Mileage: PCP | 4% | | | 20.52 | 20.52 | 20.52 | 20.52 | 20.52 |
| Pain Mngt | 5% | * | | | | | | |
| Mileage: Pain Mngt | 4% | | | 118.08 | 118.08 | 118.08 | 118.08 | 118.08 |
| Interventional Pain Mngt | 5% | * | | | | | | |
| Psychiatrist | 5% | * | | | | | | |
| Mileage: Psychiatrist | 4% | | | 39.60 | 39.60 | 39.60 | 39.60 | 39.60 |
| Plastic Surgeon: Brachial Plexus | 5% | * | | | | | | |
| Mileage: Plastic Surgeon | 4% | | | | | | | |
| PT Eval or OT Eval | 4% | * | | | | | | |
| Mileage: PT Eval or OT Eval | 4% | | | 18.72 | 18.72 | 18.72 | 18.72 | 18.72 |
| PT or OT | 4% | * | | | | | | |
| Mileage: PT or OT | 4% | | | 168.48 | 168.48 | 168.48 | 168.48 | 168.48 |
| Massage Therapy | 4% | | M | 1,439.82 | 1,439.82 | 1,439.82 | 1,439.82 | 1,439.82 |
| Mileage: Massage Therapy | 4% | | M | 349.92 | 349.92 | 349.92 | 349.92 | 349.92 |
| Flexeril | 5% | * | | | | | | |
| Lyrica | 5% | * | | | | | | |
| Cymbalta | 5% | * | | | | | | |
| Ibuprofen | 4% | | | 20.44 | 20.44 | 20.44 | 20.44 | 20.44 |
| Percocet | 5% | * | | | | | | |
| Zofran | 5% | * | | | | | | |
| Flector Patch | 5% | * | | | | | | |
| Senokot | 4% | | | 18.25 | 18.25 | 18.25 | 18.25 | 18.25 |
| Essential Oils | 4% | | | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 | 1,805.86 |
| Adj Bed | 4% | | | | 3,948.00 | 394.80 | 394.80 | 394.80 |

**Appendix A: Items of Compensation for Razene Lewis**

| ITEMS OF COMPENSATION | G.R | * | M | Compensation Years 18-20 2035-2037 | Compensation Year 21 2038 | Compensation Years 22-28 2039-2045 | Compensation Years 29-36 2046-2053 | Compensation Years 37-Life 2054-Life |
|---|---|---|---|---|---|---|---|---|
| Shower Chair | 4% | | | 9.16 | 9.16 | 9.16 | 9.16 | 9.16 |
| Long Handled Loofah | 4% | | | 58.32 | 58.32 | 58.32 | 58.32 | 58.32 |
| Long Handled Hair Brush | 4% | | | 3.50 | 3.50 | 3.50 | 3.50 | 3.50 |
| Swivel Spnge Lotion Applicator | 4% | | | 2.45 | 2.45 | 2.45 | 2.45 | 2.45 |
| Repl Sponges | 4% | | | 56.34 | 56.34 | 56.34 | 56.34 | 56.34 |
| Reacher | 4% | | | 4.00 | 4.00 | 4.00 | 4.00 | 4.00 |
| Large Grip Utensils | 4% | | | 13.16 | 13.16 | 13.16 | 13.16 | 13.16 |
| Dragon Speak | 4% | | | 31.67 | 31.67 | 31.67 | 31.67 | 31.67 |
| Dressing Stick | 4% | | | 1.41 | 1.41 | 1.41 | 1.41 | 1.41 |
| Button/ Zipper Pull | 4% | | | 2.73 | 2.73 | 2.73 | 2.73 | 2.73 |
| Power Drive Spinning Reel | 4% | | | 103.00 | 103.00 | 103.00 | 103.00 | 103.00 |
| Knot Tier | 4% | | | 1.70 | 1.70 | 1.70 | 1.70 | 1.70 |
| Laser Hair Removal | 4% | | | 362.50 | 362.50 | 145.00 | 145.00 | 145.00 |
| Counseling | 4% | * | | | | | | |
| Mileage: Counseling | 4% | | M | | | | | |
| Case Mngt | 4% | | M | | | | | |
| Home Mods | 0% | | | | | | | |
| Bruno Seat | 4% | | | | 9,777.90 | 977.79 | 977.79 | 977.79 |
| Seat Belt Helper | 4% | | | 1.74 | 1.74 | 1.74 | 1.74 | 1.74 |
| A/S: Maid Service | 4% | | M | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 | 2,600.00 |
| A/S: Lawn Maint | 4% | | M | 1,837.50 | 1,837.50 | 1,837.50 | 1,837.50 | |
| A/S: Heavy Yard Clean Up | 4% | | | 500.00 | 500.00 | 500.00 | 500.00 | |
| Life Alert | 4% | | | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 |
| Non Skilled Care | 4% | | M | 55,845.00 | 55,845.00 | 55,845.00 | 55,845.00 | 55,845.00 |
| Lost Earnings | | | | | | | | |
| Actual Unreimbursable Expenses | | | | | | | | |
| Annual Totals | | | | 71,946.27 | 85,672.17 | 73,101.36 | 77,625.65 | 75,288.15 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($215,696.21), lost earnings ($1,612,179.00), and actual unreimbursable expenses ($33,334.31): $1,861,209.52.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| RAZENE LEWIS, | ) | ECF |
|  | ) |  |
| Petitioner, | ) | No. 14-1035V |
|  | ) | Special Master Moran |
| v. | ) |  |
|  | ) |  |
| SECRETARY OF HEALTH AND | ) |  |
| HUMAN SERVICES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Items of Compensation**

   A.   Life Care Items

Respondent engaged life care planner Shelly Kinney, MSN, RN, CCM, CNLCP and petitioner engaged Tresa Johnson, RN, BSN, CNLCP to provide an estimation of Razene Lewis's future vaccine-injury-related needs. A life care plan was previously filed in this case, and the agreed-upon life care items are illustrated by the chart entitled "Appendix A: Items of Compensation for Razene Lewis," attached to this proffer as Tab A.[1]  Respondent proffers that Razene Lewis should be awarded all life care items of compensation illustrated by the chart attached at Tab A.  Petitioner agrees.

   B.   Lost Earnings

On November 21, 2017, the Special Master issued his Findings of Fact Relating to Lost Earnings in which he ordered the parties to prepare revised statements of lost earnings consistent with specific criteria set forth in the Order. On February 1, 2018, respondent filed a status report

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

indicating acceptance of petitioner's economist's assessment of $1,612,179.00 for petitioner's lost earnings, as based on the Special Master's Order. At a status conference held on February 21, 2018, and noted in the Special Master's February 23, 2018 Order, "…petitioner stated that while she agrees with the calculation, she reserves her right to challenge, on appeal, the factual findings that served as a basis for the loss of future earnings calculation."

    C.    <u>Pain and Suffering</u>

On July 31, 2017, Special Master Hastings issued a Decision Granting an Interim Award of Damages, awarding pain and suffering in the amount of $250,000.00. This item of compensation has been paid. Therefore, respondent proffers that petitioner is not entitled to any additional compensation for pain and suffering under 42 U.S.C. §300aa-15(a)(4). Petitioner agrees.

    D.    <u>Actual Unreimbursable Expenses</u>

On June 28, 2018, the Special Master issued his Findings of Fact Relating to Actual Unreimbursable Expenses, awarding actual unreimbursable expenses in the amount of $33,334.31. Respondent proffers $33,334.31 for actual unreimbursable expenses. Petitioner agrees.

E.    <u>Medicaid Lien</u>

 Petitioner represents that there are no Medicaid liens outstanding against her.

**II.**    **<u>Form of the Award</u>**

The parties recommend that the compensation provided to Razene Lewis should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future lost earnings.

A. A lump sum payment of $1,861,209.52, representing compensation for life care expenses expected to be incurred during the first year after judgment ($215,696.21), lost earnings ($1,612,179.00), and actual unreimbursable expenses ($33,334.31), in the form of a check payable to petitioner, Razene Lewis.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Razene Lewis, only so long as Razene Lewis is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Razene Lewis, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Razene Lewis's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. <u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Razene Lewis: **$1,861,209.52**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

-4-

                                          HEATHER L. PEARLMAN
                                          Assistant Director
                                          Torts Branch, Civil Division

                                          */s/Darryl R. Wishard*
                                          DARRYL R. WISHARD
                                          Senior Trial Attorney
                                          Torts Branch, Civil Division
                                          U. S. Department of Justice
                                          P.O. Box l46, Benjamin Franklin Station
                                          Washington, D.C. 20044-0146
                                          Direct dial: (202) 616-4357

Dated: July 11, 2018