# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
RAZENE LEWIS,                           *
                                        *   No. 14-1035V
                        Petitioner,     *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: November 19, 2018
                                        *
SECRETARY OF HEALTH                     *   Attorneys' Fees and Costs.
AND HUMAN SERVICES,                     *
                                        *
                        Respondent.     *
* * * * * * * * * * * * * * * * * * *   *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner;
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

Razene Lewis brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. She now sees an award for attorneys' fees and costs. She is awarded $107,112.03.

***

Represented by Patrick Jackson, Ms. Lewis filed her petition for compensation on October 24, 2014. Ms. Lewis claimed that the diphtheria-pertussis-tetanus vaccination she received on October 25, 2012, caused her to suffer brachial neuritis. Less than one year after filing the petition, on June 4, 2015, Ms. Lewis filed a motion to substitute Mr. Richard Gage in place of Mr. Jackson. After Mr. Gage became counsel of record, Ms. Lewis was found entitled

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

to compensation.  <u>Ruling Finding Facts and Granting Entitlement</u>, issued Oct. 13, 2015, 2015 WL 7179710.

Following the ruling on entitlement, the parties started to determine the amount of compensation to which Ms. Lewis was entitled.  This process took a relatively long amount of time.  Due in part to the disagreements that were drawing out the process, the special master awarded Ms. Lewis compensation for the undisputed items.  <u>See</u> <u>Decision Awarding Compensation on an Interim Basis</u>, issued July 31, 2017.  The parties proceeded to a hearing on damages.  The undersigned resolved the outstanding disputes.  These rulings served as a basis for a proffer on award of compensation that was then adopted.  <u>Decision</u>, issued July 23, 2018, 2018 WL 3989520.

On August 7, 2018, Ms. Lewis moved for reimbursement of attorneys' fees and costs, requesting a total of $119,306.93.  This comprised the following: $65,925.20 in fees and $38,316.37 in costs for Ms. Lewis's current counsel, Mr. Richard Gage; $9,487.50 in fees and $3,513.52 in costs for Ms. Lewis's former counsel, Mr. Patrick Jackson; and $2,064.34 in costs personally incurred by Ms. Lewis.

On August 8, 2018, the Secretary filed his response to the petitioner's motion.  In his response, respondent did not object to petitioner's request.  Resp't's Resp. at 2.  Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs."  <u>Id.</u> at 2-3.

On October 18, 2018, petitioner filed an amended fees motion, reducing the amount requested for Mr. Gage's costs by $1,568.46 due to a clerical error.  The next day, the Secretary provided his response to the amended motion, which restated the substance of his initial response that was filed on August 8, 2018.

This matter is now ripe for adjudication.

***

Because Ms. Lewis received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).  Thus, the question at bar is whether Ms. Lewis's requested amount is reasonable.

Ms. Lewis's fees application is comprised of two different fee applications. One arises from her current representation by Mr. Richard Gage. The other from her initial representation by Mr. Patrick Jackson. Both applications request reimbursement for both fees and costs. In addition, Ms. Lewis requests reimbursement of costs she personally incurred. These three categories are addressed in turn.

## I.      Fees and Costs Incurred by Richard Gage PC

### A.      Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

#### 1.      Reasonable Hourly Rates

Ms. Lewis requests the following rates of compensation for her attorneys: For Mr. Richard Gage, $300 per hour for work performed in 2015; $311 per hour for work performed in 2016; $318 per hour for work performed in 2017; and $326 per hour for work performed in 2018. For Ms. Kristen Blume, $251 per hour for work performed in 2016-2017; and $265 per hour for work performed in 2018. For Mr. Dustin Lujan, $200 per hour for work performed in 2015. Ms. Lewis also requests $120 per hour for all paralegal work performed from 2015-2018. See Pet'r's Fees Mot., tab C.

The undersigned has previously evaluated many of the rates requested herein, most recently in Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514 (Fed. Cl. Spec. Mstr. June 28, 2018). For example, the rates sought for Mr. Gage for 2015-17 are identical to those awarded to the petitioner in Pember and are, accordingly, reasonable rates for the purpose of the present motion. The one determination remaining for Mr. Gage is his rate for 2018, which the undersigned has yet to consider. Applying the same PPI-OL inflation adjustment used in Pember to determine a reasonable rate for Mr. Gage in 2017, the undersigned finds the rate requested for 2018 is also reasonable. See id. at *2, n.3.

For Ms. Kristen Blume, the undersigned has yet to consider her rates, but other special masters have held that $251 per hour is a reasonable rate at which to compensate her for work prior to 2018. See Sajbel v. Sec'y of Health & Human Servs., No. , 2018 WL 4229079, at *2 (Fed. Cl. Spec. Mstr. Aug. 30, 2017); Auch v. Sec'y of Health & Human Servs., No. 12-673, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016). The undersigned agrees with the analyses provided by the other special masters and adopts those rates here. Ms. Blume's increase in rates for 2018 is also reasonable based on adjustments using the PPI-OL.

The undersigned has also previously considered the 2015 rates for Mr. Lujan. See Anthony v. Sec'y of Health & Human Servs., No. 14-680, 2016 WL 7733084, at *13 (Fed. Cl. Spec. Mstr. Dec. 15, 2016). In Anthony, it was noted that Mr. Lujan became licensed sometime after September 4, 2015, which was used as the cutoff date to differentiate between work performed as a law clerk and work performed as a licensed attorney. Id. at *12. After determining that Mr. Lujan, like other attorneys at the Gage firm, was not entitled to forum rates, the undersigned concluded that $90 per hour for work performed prior to September 4, 2015, and $107.25 per hour for work performed after that date were reasonable rates for Mr. Lujan. Id. at *13. Those rates are adopted here and result in a total reduction of $472.37.

The paralegal rates requested are consistent with rates the undersigned found reasonable in Pember. The undersigned accordingly finds them reasonable here as well.

2.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program."

Office of Special Masters, <u>Guidelines for Practice under the National Vaccine Injury Compensation Program</u> (Rev. Nov. 2004) at § XIV.  Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests.  <u>See</u> <u>Avgoustis v. Shinseki</u>, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

As noted in <u>Pember</u>, billing records submitted by Mr. Gage have been plagued by a general lack of specificity, with many older entries simply reading "conference with paralegal" or "file review."  <u>See</u> <u>Pember</u>, 2018 WL 3989514, at *3.  Vague entries such as these frustrate the undersigned's evaluation of the reasonableness of the attorneys' fees in this case.  However, as was also the case in <u>Pember</u>, Mr. Gage's more recent entries reflect an apparent effort to imbue the billing records with greater detail.  <u>See</u> <u>id.</u>; Pet'r's Fees Mot., tab C.  Consistent with the determination made in <u>Pember</u>, in consideration of Mr. Gage's continued efforts to revise his billing practices the undersigned will only deduct 5% from the number of hours requested by Mr. Gage and his associates due to the vagueness of the entries.

### B.   <u>Costs</u>

The motion requests reimbursement of $36,747.91 in costs incurred by Mr. Gage.  <u>See</u> Pet'r's Fees Mot., tab H.  Some of these costs are routine, including costs for medical records, shipping, and travel expenses related to the hearing held in Washington, D.C.  These expenses are reasonable and are awarded in full.

The motion also requests reimbursement of $12,971.37 for petitioner's economist, Dr. Thomas Mayor.  Dr. Mayor prepared expert reports and testified in support of Ms. Lewis's lost wages claim.  Dr. Mayor's invoice is a reasonable expense and is awarded in full.

Mr. Gage also requests reimbursement of $21,299.23 in costs associated with consultants who prepared Ms. Lewis's life care plan.  In the undersigned's experience, the amount billed by the life care planners is staggering, even for a case of this complexity.  Accordingly, the invoice should be subject to a more thorough review.

Unfortunately, the life care planner's entries are often vague and make examining the reasonableness of the number of hours difficult.  Invoices for professional services are expected to contain sufficient detail to allow an effective review of reasonableness.  See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011).  Although the professional in Avgoustis was an attorney—who had claimed that the attorney-client privilege overrode the expectation for detailed invoices—this same standard should govern invoices life care planners create. However, in this case, the life care planners invoiced for a number of multi-hour entries that said little more than that the consultants were preparing the life care plan and researching costs.

The vagueness is particularly problematic since life care planners are, based on their experience and expertise—which justify their high hourly rates—expected to be familiar with many common-place costs.  The amount of time spent researching these costs in this case appears excessive.  See Manis v. Sec'y of Health & Human Servs., No. 13-732V, 2016 WL 4437959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2016) (finding a $5,580 life care plan excessive, noting that "given life care planners' professional expertise, the projected costs for certain relatively common items (such as medications, physical therapy, neurology appointments, and high deductibles) should be readily available to them, and thus quickly accessible.  Life care planners are expected to have familiarity with such commonplace costs").  Though it is conceivable that something in Ms. Lewis's life care plan necessitated the amount of research expended in this case, the vagueness of the entries makes that conclusion not apparent.  To account for concerns about the reasonableness of the number of hours billed by Ms. Lewis's life care planner, the number of hours compensated is reduced by 25%.

The invoices also show that the life care planner invoiced his or her full hourly rate for the time spent travelling to Ms. Lewis's home for the site visit. Pet'r's Fees Mot. at 70-71.  In the Vaccine Program, it is well-established that travel time for professionals is reimbursed at half the professional's standard rate. Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 788 (2010) (citing Rodriguez v. Sec'y of Health & Human Servs., No. 06–559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); Kuttner v. Sec'y of Health & Human Servs., No. 06–195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); Carter v. Sec'y of Health & Human Servs., No. 04–1500V, 2007 WL 2241877, at *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); English v. Sec'y of Health & Human Servs., No. 01–61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Nov. 9, 2006)).  Accordingly, an additional $1,133.00 of the total amount billed will not be compensated.

## II.    Fees and Costs Incurred by Patrick R. Jackson

### A.    Attorneys' Fees

The undersigned has reviewed the invoice and supporting documentation related to Mr. Jackson's representation of Ms. Lewis from 2012-2015.  See Pet'r's Fees Mot., tab J.  Based on the attorneys' level of experience, the fees requested by Mr. Jackson, his associates, and his paralegals are reasonable.  Furthermore, the billing records contain an appropriate amount of specificity concerning all of the tasks performed, and none of the entries appear to be excessive in the amount of time billed.  Accordingly, Mr. Jackson's invoice is awarded in full.

### B.    Costs

Mr. Jackson also requests reimbursement of costs in the amount of $3,513.52.  See Pet'r's Fees Mot., tab J.  This includes $1,013.52 related to routine costs such as acquiring medical records, postage, and the Court's filing fee.  These costs are awarded in full.

The remaining $2,500.00 is for the work of Mr. Glenn Herbert, who performed a vocational evaluation and authored an expert report for Ms. Lewis.  Mr. Herbert's hourly rate and number of hours billed are reasonable and thus the cost is awarded in full.

## III.   Costs Incurred by Ms. Lewis

Pursuant to General Order No. 9, Ms. Lewis states that she has incurred $2,064.34 in costs related to bringing her claim.  These costs are all related to travel to and from Washington, D.C. to attend the damages hearing held on November 17, 2017.  See Pet'r's Fees Mot., tab I.  While the majority of these costs are reasonable and compensable, some are not.  Non-compensable costs that were requested include a third night in the hotel when the hearing was a one-day hearing, premium economy airline seats, and alcohol.  To address these non-compensable expenses, $400.00 is deducted from the compensation award for Ms. Lewis's costs.

## IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds

petitioner's request for fees and costs, other than those reductions delineated above, to be reasonable.  Accordingly, petitioner is awarded a total of **$107,112.03** as follows:

1.  **The total of $92,446.67, in the form of a check made payable jointly to petitioner and petitioner's counsel, Richard Gage, for attorneys' fees and costs; and**

2.  **The total of $13,001.02, in the form of a check made payable jointly to petitioner and petitioner's counsel, Patrick R. Jackson, for attorneys' fees and costs; and**

3.  **The total of $1,664.34, in the form of a check made payable to petitioner, for petitioner's costs.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master